Case 5:26-cv-00094   Document 21   Filed 03/10/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ROGERIO DOS SANTOS PAZ,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00094 |
| § | |
| **MARIO GARCIA, *et al.*,** § | |
| § | |
| Respondents. § | |

# ORDER

Pending before the Court is Petitioner Rogerio Dos Santos Paz's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on January 22, 2026. (Dkt. 1.) According to Respondents, Petitioner is a citizen and native of Brazil, who entered the United States without inspection on October 29, 2024, near Eagle Pass, Texas. (Dkt. 13 at 2, 7.)[1] Petitioner was apprehended by immigration officials shortly after entry and deemed inadmissible to the United States. (*Id.*) Based on his entry and apprehension, Petitioner was placed into expedited removal proceedings under 8 U.S.C. § 1225(b)(1). (*Id.* at 2, 7–15.) Petitioner expressed fear of return to his home country and passed a credible fear interview with a U.S. Citizenship and Immigration Services (USCIS) officer. (*See id.*)  He was then served with a Notice to Appear

---

[1] The factual background presented in this Order is taken primarily from the information that Respondents provided to the Court due to a lack of factual information provided in Petitioner's petition. (*See* Dkts. 1, 13.)

(NTA), placing him into removal proceedings. (*Id.* at 2.) In July of 2025, Petitioner was apprehended by fugitive operation officers in Dallas, Texas and as a result of his immigration status, was transported to the Dallas Field Office for processing due to an outstanding warrant for aggravated robbery out of Denton County, Texas. (*Id.* at 2, 12–13.) Petitioner served 90 days in Denton County Jail prior to his transfer to ICE custody. (Dkt. 1 at 4.)

Petitioner argues he is being unlawfully detained subject to prolonged detention without a bond hearing in violation of his rights under the Due Process Clause of the Fifth Amendment. (Dkt. 1 at 4.) He also argues that his detention is arbitrary and excessive and that the arrest that led to his detention was wrongful and based on false statements. (*Id.* at 4–5.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id.* at 5.)

The Court ordered Respondent to respond to Petitioner's petition on or before January 27, 2026, and the United States of America ("Intervenor") filed a Motion to Intervene as an interested party in the case pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(2) and attached a Motion for Summary Judgment and Response to the Petition. (Dkts. 6, 11.) The Court granted Intervenor's Motion to Intervene and directed the Clerk of Court to enter Intervenor's Motion for Summary Judgment and Response to the Petition into the record. (Dkts. 12, 13.) Petitioner then filed supplemental exhibits and a Reply in Opposition to the Motion for Summary Judgment. (Dkts. 14, 16.) Intervenor argues that Petitioner is properly subject to mandatory detention during the pendency of his removal proceedings under 8 U.S.C. § 1225(b)(1) and argues in the alternative that if the Court does not find that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) that Petitioner's detention then falls under the "catchall provision" in 8 U.S.C. § 1225(b)(2) that also mandates detention for all applicants for admission. (Dkt. 13 at 3–5.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at *9. Because of the implications of the intervening decision in *Buenrostro-Mendez*, the Court ordered Intervenor to file a supplemental response specifically addressing Petitioner's due process claims. (Dkt. 17.) Intervenor filed a timely response addressing Petitioner's due process claim and Petitioner submitted a reply to Intervenor's supplemental response. (Dkts. 18, 19.)

Upon review of Petitioner's case, the Court finds that Petitioner has failed to plead sufficient facts for the Court to establish that Petitioner has accrued a protected liberty interest in his freedom from custody by virtue of his presence in the United States. *See, e.g.*, *Strunin v. Garcia*, 5:26-cv-00106, Dkt. No. 27 (S.D. Tex. Mar. 3, 2026); *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026). Petitioner failed to provide the Court with any facts pertaining to his initial apprehension by immigration officials, the manner of his release from immigration custody, the approximate duration of time that he spent out of custody, or any ties or connections he established in the United States through his presence prior to his apprehension by fugitive operations in July of 2025. (*See* Dkt. 1 at 4); *Walker v. Johnston*, 312 U.S. 275, 286 (1941) (finding that the burden is on the petitioner to show the confinement is unlawful).

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus and Complaint for Preliminary Injunctive Relief, (Dkt. 1), is **DENIED**. Intervenor the United States of America's Motion for Summary Judgment and Response to the Petition, (Dkt. 13), is **GRANTED**. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

SIGNED this March 10, 2026.

_____
Diana Saldaña
United States District Judge